UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**RAHILA TARVERDIYEVA,**

    **Plaintiff,**

**v.**                                                                                                                 **Case No: 8:21-cv-1717-MSS-SPF**

**COINBASE GLOBAL, INC.,**

    **Defendant.**

_____

**ORDER**

**THIS CAUSE** comes before the Court for consideration of Defendant's Motion to Compel Arbitration and Stay Action, (Dkt. 5), Plaintiff's Response in opposition thereto, (Dkt. 8), and Defendant's Motion for Leave to File Reply in Support of Motion to Compel Arbitration and Stay Action. (Dkt. 9) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the **GRANTS** Defendant's Motion to Compel Arbitration and Stay Action and **DENIES AS MOOT** Defendant's Motion for Leave to File Reply.

On July 15, 2021, Plaintiff Rahila Tarverdiyeva, proceeding *pro se*, initiated this action against Defendant Coinbase Global, Inc., asserting that Defendant violated the terms of its User Agreement. (Dkt. 1) Defendant operates a digital currency wallet and exchange platform where users can conduct transactions with digital currency. (Dkt. 5) Prior to using Defendant's platform, all users must agree to the terms of the Defendant's User Agreement. (Id.) Plaintiff is a user of Defendant's platform and has

agreed to the terms of the User Agreement. (Dkts. 6, 8, 12) The User Agreement provides, in relevant part, that:

> 7.2. Arbitration; Waiver of Class Action. If you have a dispute with Coinbase, we will attempt to resolve any such disputes through our support team. If we cannot resolve the dispute through our support team, you and we agree that any dispute arising under this [User Agreement] shall be finally settled in binding arbitration, on an individual basis, in accordance with the American Arbitration Association's rules for arbitration of consumer-related disputes (accessible at https://www.adr.org/sites/aaa/faces/rules) and you and Coinbase hereby expressly waive trial by jury and right to participate and a class action lawsuit or class-wide arbitration.

(Dkt. 6-1 at 12)

Defendant moves to compel Plaintiff to submit her claims to arbitration in accordance with its User Agreement because her claims are based on Defendant's breach of the User Agreement. (Dkt. 5) Defendant also requests that the Court stay this proceeding pending completion of the arbitration. (Id.) Plaintiff argues that she is not bound by the terms of the User Agreement because her consent to the agreement was the result of undue influence. (Dkt. 8) Specifically, Plaintiff asserts that she could not create an account on Defendant's platform "without clicking 'I Agree' to the User Agreement." (Dkt. 8)

"The validity of an arbitration agreement is generally governed by the Federal Arbitration Act [("FAA")]." Lambert v. Austin Ind., 544 F.3d 1192, 1195 (11th Cir. 2008). The FAA provides that "arbitration agreements 'shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" Collado v. J. & G. Transp., Inc., 820 F.3d 1256, 1259 (11th Cir. 2016)

(quoting 9 U.S.C. § 2)). Although the FAA embodies a "liberal federal policy favoring arbitration agreements," that policy does not apply to "disputes concerning whether an agreement to arbitrate has been made." Burch v. P.J. Cheese, Inc., 861 F.3d 1338, 1346 (11th Cir. 2017). Thus, "[w]hen presented with a motion to compel arbitration, a district court will consider three factors: (1) whether a valid agreement to arbitrate exists, (2) whether an arbitrable issue exists, and (3) whether the right to arbitrate was waived." Abellard v. Wells Fargo Bank, N.A., No. 19-CV-60099, 2019 WL 2106389, at *2 (S.D. Fla. May 14, 2019). "A plaintiff challenging the enforcement of an arbitration agreement bears the burden to establish, by substantial evidence, any defense to the enforcement of the agreement." Inetianbor v. CashCall, Inc., 923 F. Supp. 2d 1358, 1362 (S.D. Fla. 2013) (citing Bess v. Check Express, 294 F.3d 1298, 1306-07 (11th Cir. 2002)).

Plaintiff disputes the first factor — whether a valid agreement to arbitrate exists. (Dkt. 8) Courts must look to the applicable state law when deciding whether a valid agreement to arbitrate exists. See Emp'rs Ins. of Wausau v. Bright Metal Specialties, Inc., 251 F.3d 1316, 1322 (11th Cir. 2001). The User Agreement provides that it shall be governed by California law in its choice-of-law clause. (Dkt. 6-1 at ¶ 8.10)

In California, courts have routinely upheld and enforced the terms of contracts, like the User Agreement,[1] where the assent is required through the registration process.

---

[1] The User Agreement is a type of contract commonly referred to as a "clickwrap" agreement. "A 'clickwrap' agreement appears on an internet webpage and requires that a user consent to any terms or conditions by clicking on a dialog box on the screen in order to proceed with the internet transaction." Feldman v. Google, Inc., 513 F. Supp. 2d 229, 236 (E.D. Pa. 2007)

See Nevarez v. Forty Niners Football Co., LLC, No. 16-CV-07013, 2017 WL 3492110, at *8 (N.D. Cal. Aug. 15, 2017) (collecting cases); see also Sandler v. iStockphoto LP, No. 15-CV-03659, 2016 WL 871626, at *2 (C.D. Cal. Feb. 5, 2016). It is undisputed that Plaintiff agreed to the User Agreement while registering with Defendant's platform. (Dkt. 8) Moreover, Plaintiff advises that she consented to the User Agreement because she believed Defendant would also be bound by its terms. (Dkt. 12) Indeed, Plaintiff brings this suit against Defendant, seeking damages for its breach of the User Agreement. (Dkt. 1) In sum, Plaintiff has presented no basis to assert the defense of undue influence or to challenge the validity of the arbitration provision contained in the User Agreement. Accordingly, the Court finds that a valid agreement to arbitrate exists in this matter by way of the User Agreement. As Plaintiff does not dispute whether an arbitrable issue exists or whether the right to arbitrate has been waived, the Court finds that Defendant's Motion to Compel Arbitration is due to be granted.

With regard to Defendant's request to stay this action pending arbitration, The FAA "require[s] a court to stay a proceeding where the issue in the proceeding 'is referable to arbitration under an agreement in writing for such arbitration.'" Caley v. Gulfstream Aerospace Corp., 428 F.3d 1359, 1368 (11th Cir. 2005) (quoting 9 U.S.C. § 3); see also Bender v. A.G. Edwards & Sons, Inc., 971 F.2d 698, 699 (11th Cir. 1992) ("Upon finding that a claim is subject to an arbitration agreement, the court should order that the action be stayed pending arbitration."). Accordingly, the Court stays this action pending completion of arbitration.

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

1. Defendant's Motion to Compel Arbitration and Stay Action, (Dkt. 5), is **GRANTED**. Defendant's Motion for Leave to File Reply in Support of Motion to Compel Arbitration and Stay Action, (Dkt. 9), is **DENIED AS MOOT.**

2. Plaintiff is **ORDERED** to submit her claims in this action to arbitration in accordance with the arbitration clauses in the User Agreement.

3. This case is **STAYED** pending completion of arbitration. The Clerk is directed to **TERMINATE** all motions pending before the Court and **ADMINISTRATIVELY CLOSE** this case. The Parties shall have **fourteen (14) days** after the completion of arbitration to file a notice or appropriate motion advising the Court how and whether this case should proceed.

**DONE** and **ORDERED** in Tampa, Florida, this 8th day of September 2021.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person