# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**Plaintiff: Rahila Tarverdiyeva**          **Case No: 8:21-cv-1717-MSS-SPF**

**Defendant:  Coinbase Inc.,**
             **Known as Coinbase**

**Plaintiff hereby respectfully submits Motion for Reconsideration of an order to The Hon' ble Judge Mary Scriven (dated September 8, 2021; Dkt # 13)**

A motion for reconsideration under Rule 59 (e) can be filed for almost any reason. As the court said in Fiorelli, supra at 338, Rule 59 (e) is a "device to relitigate the original issue decided by the district court, and used to allege error."
Errors of law or fact in the court's decision. See McDowell v. Calderon, 197 F.3d 1253, 1255 n. 1 (9th Cir. 1999) (banc) (Rule 59 (e) is available to "correct manifest errors of law or fact upon which the judgment is based.").

Based on CR 59 (a) (7), the plaintiff would like to bring to the attention of the Hon'ble Court to the fact that the judge made a mistake,  e.g., misperceived evidence / facts and applied the wrong standard.

1. Judge Mary Scriven noted that On July 15, 2021, Plaintiff Rahila Tarverdiyeva, proceeding pro se, initiated this action against Defendant Coinbase Global, Inc., asserting that Defendant violated the terms of its User Agreement. (Dkt. 1)

The Hon'ble Court neglected to consider the following points applicable to this case where Arbitration is not valid.

**(i)** The Plaintiff would like to bring to the attention of Judge Mary Scriven in Doc. # 1 I am complaining **for theft on a large scale** (grand larceny above $500K) by a group of Coinbase employees / defendants.
Grand Theft is classified as a first degree felony (i.e. depriving the victim of his/her rights to property/funds). State v. C.G., 572 So. 2d 1380, 1381 (Fla. 1991).

**(ii)** The 2021 Florida Statutes: 812.0145 - **Theft from persons 65 years of age or older; reclassification of offenses (I'm 60 y.o. and my husband is 76 y.o.)**
If the funds, assets or property involved in the theft from a person 65 years of age or older is valued at $50,000 or more, the offender commits a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

**(iii)** A civil theft claim can be filed against an officer of a corporation for theft committed by the officer while acting on behalf of the corporation.  If a non-managerial employee of a business is the person who steals or converts items, and the employer is also guilty of some fault which foreseeably contributed to the injury, the employer may be held liable for the triple damages.

See Florida Statutes section 812.014 (2014); see also § 16:12 Civil Theft. However, before filing a claim for civil theft, the person claiming injury (plaintiff) must make a written demand for the amount due or treble damage amount. The person to whom the written demand is directed to-the defendant-has 30 days to respond. If a response to the written demand is received, then the defendant is given written release of civil liability for the specific act of theft.

**(iv)** If a customer complains about missing a large amount of money but the company does not investigate the complaint, the company could be held liable.
As business owners, they have a duty (according to their User Agreement) to protect their customers, their confidential information, and their assets.

**(v)**  The Plaintiff would also like to bring to the attention of the Hon'ble Judge that the plaintiff has raised on various occasions complaints/disputes about stolen funds. Defendants ignored the questions of the Plaintiff and  did not respond to the complaints during these ten months.

**(vi)** Florida law does not bar a civil theft claim simply because a contractual relationship is involved. Masvidal v. Ochoa, 505 So. 2d 555 (Fla. 3d DCA 1987). However, where a contractual relationship exists, the alleged loss which results from

the theft, must be separate and distinct from any loss alleged to have resulted from the breach of contract. O'Donnell v. Arcoiris, Inc., 561 So. 2d 344 (Fla. 4th DCA 1990).

2. Judge Mary Scriven noted: Plaintiff argues that she is not bound by the terms of the User Agreement because her consent to the agreement was the result of undue influence. (Dkt. 8) Specifically, Plaintiff asserts that she could not create an account on Defendant's platform "without clicking 'I Agree' to the User Agreement." (Dkt. 8)

**(a)** The Hon'ble Judge only cites one paragraph (par.9) from my Doc. # 8 and completely ignores para. 10, 11, 13, 14 and also my strong arguments against fraud in the User Agreement shown in detail in Doc. # 12.
Plaintiff Dok. # 8, 10, 12 are the responses to Defendants' motions (Dkt. #5, 6, 9)

**(i)** Plaintiff signed this Agreement because it believed that the Coinbase had insured funds against employee theft (see Insurance Policy, Dkt.12, Appendix No. 1);
**(ii)** The Plaintiff believed that Coinbase would not use her funds (see User Agreement, clause 2.6.1);
**(iii)** The Plaintiff believed that Coinbase would cancel all unauthorized transactions (See User Agreement, clause 3.7; clause 3.10; clause 4.4);
**(iv)** The plaintiff believed that Coinbase would investigate the crime (see Dkt. # 12 for details).

**(b)** A misrepresentation is material if it would be likely to induce a reasonable person to agree to the bargain, or the party who made the misrepresentation knew or should have known that it was likely to induce the other party to manifest assent to the bargain. Restatement § 162 (2). See Lance Holding Co. v. Ashe, 533 So. 2d 929, 930 (Fla. 5th DCA 1988) (fraud is material to a contract where the contract would not have been made if the fraud had not been perpetrated).

3. Hon'ble Judge Mary Scriven noted: Plaintiff is a user of Defendant's platform and has agreed to the terms of the User Agreement. (Dcts. 6, 8, 12) The User Agreement provides, in relevant part, that:

> 7.2. Arbitration; Waiver of Class Action. If you have a dispute with Coinbase, we will attempt to resolve any such disputes through our support team. If we cannot resolve the dispute through our support team, you and we agree that any

dispute arising under this [User Agreement] shall be finally settled in binding arbitration, on an individual basis, in accordance with the American Arbitration Association's rules for arbitration of consumer-related disputes (accessible at https://www.adr.org/sites/aaa/faces/rules) and you and Coinbase hereby expressly waive trial by jury and right to participate and a class action lawsuit or class-wide arbitration.

**(i)** Although the Hon'ble Judge points to my documents # 8 and # 12, but she does not give any arguments from these documents explaining why I signed the contract (see Dkt. # 8, 10.12 for the reasons for signing the user agreement).

**(ii)** There must be damages from the theft that are separate and independent of the contract, and which do not naturally relate to, or flow from, the contract.
This means that if someone sues the Company for a felony of the first degree, this is not related to the contract, it is not subject to arbitration, it is subject to judicial review (The Agreement does not say anywhere that you need to go to Arbitration if employees have committed theft).

**(iii)** Grand Theft and Breach of Contract are separate and independent of the contract.
Hon'ble Courts should not compel arbitration for claims that are "Unmoored from the agreements containing arbitration provisions." Because the plaintiff's claim was outside the agreement to arbitrate (Employees Grand Theft), the defendant's motion to compel arbitration must be rejected as an unlawful motion under the Agreement.

**(iv)** A voidable contract [4302.15] is an otherwise valid contract that may be legally avoided, cancelled, or annulled at the option of one of the parties (e.g., a contract entered into under false pretenses)

4. Hon'ble Judge noted: Defendant moves to compel Plaintiff to submit her claims to arbitration in accordance with its User Agreement because her claims are based on Defendant's breach of the User Agreement. (Dkt. 5)

The Plaintiff's claim concerns a **serious crime of the first degree** and not just only the breach of agreement.(Please see Doc # 1;  8 Exhibits A - H).

5. Hon'ble Judge noted : Lambert v. Austin Ind., 544 F.3d 1192, 1195 (11th Cir. 2008). The FAA provides that "arbitration agreements 'shall be valid, irrevocable, and enforceable, save upon such grounds as exist **<u>at law or in equity for the revocation of any contract.</u>**'" Collado v. J. & G. Transp., Inc., 820 F.3d 1256, 1259 (11th Cir. 2016) (quoting 9 U.S.C. § 2)

**<u>(i) At law or in equity for the revocation of any contract -</u>** explains:
The primary consequence for a breach of contract is that the side that commits the breach becomes liable for the damages caused by their failure to meet their obligations.
A remedy is the action a court orders the party that breached the contract to take in order to make the other side whole. Florida has recognized three distinct remedies for breach of contract—damages, restitution, and specific performance. Ocean Comm., Inc. v. Bubeck, 956 So. 2d 1222, 1225 (Fla. 4th DCA 2007). **Damages are considered a legal remedy, while restitution and specific performance are considered equitable remedies.**

**(ii)** Restitution is aimed at preventing unjust enrichment.
 The purpose of restitution is to require the wrongdoer to restore that which he has received and thus tend to put the injured party in as good a position as he occupied before the contract was made; in this context the injured party may be said to have considered the contract as 'terminated' or 'ended.'" Ocean Comm., Inc. v. Bubeck, 956 So. 2d 1222, 1225 (Fla. 4th DCA 2007).

6. Hon'ble Judge Mary Scriven noted: Thus, "when presented with a motion to compel arbitration, a district court will consider three factors:  (3) whether the right to arbitrate was waived." Abellard v. Wells Fargo Bank, N.A., No. 19-CV-60099, 2019 WL 2106389, at *2 (S.D. Fla. May 14, 2019). **"A plaintiff challenging the enforcement of an arbitration agreement bears the burden to establish, by substantial evidence, any defense to the enforcement of the agreement."**

Plaintiff is asking the Hon'ble judge to see Doc. # 12; 8 Exhibits A - H. Now I am preparing "Exhibit I" (additional proof against Coinbase employees theft)

7. Hon'ble Judge Mary Scriven noted: Plaintiff disputes the first factor — whether a valid agreement to arbitrate exists. (Dkt. 8) Courts must look to the applicable state law when deciding whether a valid agreement to arbitrate exists.

The Supreme Court has expressly reiterated that "unconscionability remains a valid defense to a petition to compel arbitration." (Sonic-Calabasas A v. Moreno (2013) 57 Cal.4th 1109, 1142.) While courts cannot, in applying California's unconscionability doctrine, "mandate procedural rules that are inconsistent with fundamental attributes of arbitration," California courts may still refuse to enforce an arbitration agreement if it finds that the totality of the agreement is unconscionable

**H.R.1374 — 115th Congress (2017-2018) -** This bill prohibits a predispute arbitration agreement from being valid or enforceable if it requires arbitration of an employment, consumer, antitrust, or civil rights dispute.

The validity and enforceability of an agreement to arbitrate shall be determined by a court, under federal law, rather than an arbitrator, irrespective of whether the party resisting arbitration challenges the arbitration agreement specifically or in conjunction with other terms of the contract containing such agreement.
"§ 401. Definitions
"In this chapter—
"(3) the term 'consumer dispute' means a dispute between an individual who seeks or acquires real or personal property, services, securities or other investments, money, or credit for personal, family, or household purposes and the seller or provider of such property, services, securities or other investments, money, or credit;

To restore fairness and access to the justice system, the Arbitration Fairness Act ("AFA") of 2018 (S. 2591) and the Arbitration Fairness Act of 2017 (H.R. 1374) were introduced in the 115th Congress. The AFA would end forced arbitration by amending the Federal Arbitration Act (FAA) to provide that no pre-dispute arbitration clause is valid or enforceable if it requires arbitration of an employment dispute, consumer dispute, antitrust dispute, or civil rights dispute.

Arbitrators do not have to follow the law or facts and have an incentive to favor the company that can give them repeat business. Forced arbitration allows corporations to keep wrongdoing secret and avoid accountability for harming thousands or millions of people. *Fraud in inducement is a crime. This is because the plaintiff may not have agreed to the terms of the contract, had the defendant been truthful to begin with. As*

*previously mentioned, if the court finds that a contract was entered under fraud in the inducement, it will make the contract voidable. What this means is that the plaintiff can have the contract voided by the court, which would thereby dismiss any contractual duties they entered into as the premises were fraudulent.*

Forced arbitration is especially insidious in the way it gives companies a free pass to steal from users.

Forced Arbitration Gives Dishonest Employers a License to Steal.

To prevail on its claim for fraud in the inducement, the complaining party must show: "(1) a misrepresentation of a material fact; (2) knowledge by the person making the statement that the representation is false; (3) intent by the person making the statement that the representation would induce another to rely and act on it; and (4) that the plaintiff suffered injury in justifiable reliance on the representation." Susan Fixel, Inc. v. Rosenthal & Rosenthal, Inc., 842 So.2d 204, 209 (Fla. 3d DCA 2003).

Plaintiff believes the decision of The Hon'ble Judge Mary Scriven to be an error and asks the deciding court to reconsider its decision due to the court's failure to review specific legal arguments, Dock No. 1, No. 12. Court misconstrued the arguments and complaints presented, and made wrong/unfair decision .

Plaintiff hereby submits its humble request the Hon'ble Court to issue order based on Law and Justice

Plaintiff hereby wants to bring to the attention of The Hon'ble Judge Mary Scriven that plaintiff has limited time remaining to file for Appeal to The Appeal Court if need be.

**Respectfully submitted by September 17, 2021**
**By Pro Se Plaintiff Rahila Tarverdiyeva**

**460 Archway Dr.**
**Spring Hill FL 34608**
**Phone: 404-200-0378**